■ In the Matter of the Claim of HELEN GORDON, Respondent, v. MOHAWK CARPET MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer, its carrier and the Special Disability Fund (§ 15, subd. 8) from decisions and award of the Workmen's Compensation Board, awarding death benefits and charging the Special Disability Fund after 260 weeks. The deceased employee worked as a molder in the employer's foundry from 1922 to 1934 and it is undisputed that during that period he was exposed to silica. In 1934 he was transferred to the plant protection department wherein he worked until his death from pneumonia due to silicosis in December, 1952. There was evidence presented indicating that during the period from 1934 to 1952 the decedent visited portions of the employer's premises in which silica was present. The board found on July 23, 1958 that decedent was exposed to harmful dust for at least 60 days after September 1, 1935 which exposure was a contributing factor to his death and accordingly made an award of death benefits. As indicated above there is evidence in this record of exposure to harmful silica dust during the period after 1934 in which decedent worked in the employer's security department. Moreover, under the amendment to section 44-a of the Workmen's Compensation Law which became effective in 1957, when an employee is transferred from injurious exposure to noninjurious exposure in continuous employment by the same employer it is only necessary that disablement occur within two years of the termination of employment and not within two years of the last injurious exposure. It has been squarely held that this amendment applies to cases such as the present case which were open and pending on its effective date even though disability and death occurred prior thereto (cf. *Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21, affd. 8 N Y 2d 918). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board against appellants.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN PEARSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Appeal from an order dismissing a writ of habeas corpus which alleged the appellant was not properly advised pursuant to section 480 of the Code of Criminal Procedure. Appellant's first contention is that he was required to answer questions propounded pursuant to section 480 before being questioned as to his waiving the statutory requirement under section 472. We find this contention to be without merit. He next contends that after being charged with an information pursuant to section 1943 of the Penal Law, he should have again been questioned in accordance with section 480. The defendant was represented by counsel in all stages of the proceedings, all of which took place on the same date and in continuity and to which no objection was made by the appellant or his counsel. Under the circumstances, he was sufficiently apprised of his rights. Order unanimously affirmed.